IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION TO COMPEL (Docket No. 17)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8)

issued by Judge Philip A. Brimmer on July 5, 2012.

Now before the court is Plaintiff's Motion to Compel (Docket No. 17).  The court

has carefully considered the Complaint (Docket No. 3), plaintiff's Motion to Compel

(Docket No. 17), defendant's response (Docket No. 26), and plaintiff's reply (Docket No.

29).  In addition, the court has taken judicial notice of the court's file, and has

considered the applicable Federal Rules of Civil Procedure and case law.  The court

now being fully informed makes the following findings of fact, conclusions of law, and

order.

This matter involves allegations by plaintiff that defendant unreasonably delayed

its tender of the $1,000,000 policy limit on plaintiff's uninsured/underinsured motorist

policy.  After plaintiff rejected two settlement offers of $75,000 and $100,000, the parties

2

took part in arbitration to determine the real value of his claim.  The arbitration

eventually valued plaintiff's claim at over $2,000,000, and consequently defendant paid

plaintiff the full $1,000,000 policy limit.

Plaintiff seeks an order to compel defendant to produce discovery material

related to the time frame after arbitration was demanded.  In response, defendant

argues its post-arbitration actions cannot be used to support plaintiff's claims, and

further, such information is irrelevant and inadmissible.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense" and any information which "appears reasonably

calculated to lead to discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Relying primarily on Bucholtz v. Safeco Ins. Co. of Am., 773 P.2d 590 (Colo.

App. 1988) and subsequent decisions, defendant argues that once an adversarial

proceeding (such as arbitration) is initiated between parties, any duty on the part of the

insurer to negotiate, settle, or pay a claim may be suspended.  Accordingly, defendant

argues that since any duty of good faith to negotiate was suspended once the

arbitration demand was made, and because plaintiff's claim directly involves that duty,

records created by defendant after the demand for arbitration was made are necessarily

irrelevant.     There is an implied covenant of good faith and fair dealing in every

insurance contract.  See Brennan v. Farmers Alliance Mut. Ins. Co, 961 P.2d 550, 556

(Colo. App. 1998); see also Colo. Rev. Stat. § 10-1-101 (declaring that persons

providing insurance services to the public must "be at all times actuated by good faith").

In Bucholtz, the Colorado Court of Appeals noted that "although the insurer's duty of

good faith and fair dealing continues unabated during the life of the insurer-insured

relationship, any obligation to negotiate as a reflection of good faith may be suspended temporarily by collateral circumstances." 773 P.2d at 592.  The court found that a request for arbitration by either party is such a circumstance.  Id. at 593.  However, the court also found that there must be a "genuine disagreement" as to the amount of compensable damages payable for there to be an effective suspension of the insurer's duty.  See id.; see also Vaccaro v. Am. Family Ins. Group, 275 P.3d 750, 759 (Colo. App. 2012) (noting that a genuine dispute does not exist merely by virtue of the insurer "framing each denial as a valuation dispute").  Here, the parties diverge as to whether there was a genuine disagreement as to the amount of compensable damages payable under the terms of plaintiff's policy.

Plaintiff argues there was no genuine disagreement because, based on large disparity between the pre-arbitration offers extended by defendant and the ultimate post-arbitration amount, defendant's offers were "baseless" and "low-ball."  To support the genuine nature of its offers, defendant explains the calculations used to determine its offers and the process used to review plaintiff's claim.

The court agrees with defendant, that for the purposes of the subject motion, there was a genuine dispute.  Defendant offers a reasonable and detailed explanation for its pre-arbitration offers.  Certainly there is a substantial difference between defendant's offers and the ultimate arbitration amount, but so too was there a fairly substantial difference between plaintiff's original demand and the ultimate arbitration amount.  It appears to the court that both parties underestimated the value of plaintiff's claim.  In addition, while defendant's offers were low in hindsight, at the time they were made, they were not so low as to be deemed wholly unreasonable.  Indeed, the issue

4

before the court is whether there was a genuine dispute *at the time plaintiff made his arbitration demand*; the ultimate arbitration amount, and its difference from defendant's offers, is not strong evidence of the lack of a genuine dispute.

Accordingly, the court finds that defendant's good faith duty to negotiate, pay, or settle plaintiff's claim was suspended by plaintiff's arbitration demand.  As such, defendants records created after plaintiff's demand for arbitration are irrelevant.  The court notes that this determination does not decide plaintiff's claim as a matter of law; this determination is only applicable to the subject motion.  See Rabin v. Fidelity Nat. Prop. & Cas. Ins. Co., No. 10-cv-01645-LTB-KLM, 2012 WL 1884507, at *7 (D. Colo. May 23, 2012).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Compel (Docket No. 17) is **DENIED**

Date:  October 26, 2012                    s/ Michael J. Watanabe
       Denver, Colorado                    Michael J. Watanabe
                                           United States Magistrate Judge