IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

**ORDER ON
PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING MOTION TO COMPEL
(Docket No. 36)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Philip A. Brimmer on July 5, 2012.

Now before the court is Plaintiff's Motion to Reconsider Order Denying Motion to Compel (Docket No. 36). The court has carefully considered plaintiff's motion (Docket No. 36), defendant's response (Docket No. 38), and plaintiff's reply (Docket No. 43). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

On October 26, 2012, this court entered an order (Docket No. 32) denying plaintiff's Motion to Compel (Docket No. 17). Plaintiff sought an order to compel defendant to produce discovery material related to the time frame after an arbitration

2

demand was made. The court denied plaintiff's motion, finding there was a genuine disagreement as to the amount of compensable damages payable under the terms of plaintiff's policy. Accordingly, the court found that defendant's good faith duty to negotiate, pay, or settle plaintiff's claim was suspended by plaintiff's arbitration demand, and as such, defendant's records created after plaintiff's demand for arbitration was made were irrelevant.

Plaintiff now urges the court to reconsider its order in light of additional allegations contained in his Amended Complaint (Docket No. 42), which was filed after the court's order. Specifically, plaintiff now alleges that defendant "purposefully baited [plaintiff] into demanding arbitration in order to argue its duty to pay or further evaluate the claims was suspended, in turn justifying a substantial delay." In other words, plaintiff argues there was not a genuine disagreement as to the amount of compensable damages payable. Plaintiff also argues that the genuineness of the disagreement "is, at best, a disputed issue of fact" and plaintiff should be entitled to conduct discovery regarding the matter.

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). Plaintiff does not argue that there is a change in the controlling law or that new evidence has come to light. Accordingly, plaintiff must demonstrate that his motion for reconsideration should

3

be granted to correct clear error or prevent manifest injustice.

First, the court does not agree with plaintiff's argument that additional allegations in his Amended Complaint demonstrate that there was not a genuine dispute as to the amount payable. The additional allegations in plaintiff's Amended Complaint are largely conclusory statements related to the allegation that defendant "lured [plaintiff] into requesting arbitration to create a substantial delay" and defendant "knew that [plaintiff's] damages exceeded" the policy limit. In other words, plaintiff is further fleshing out his contention that defendant's settlement offers were baseless and purposefully lowball for the purpose of forcing plaintiff to make an arbitration demand. Plaintiff made the identical argument in his Motion to Compel (Docket No. 17) and reply (Docket No. 29). See Docket No. 17 at 4-5 ("Defendant knew or consciously disregarded the fact that [plaintiff's] damages exceeded the $1,000,000 policy limit" and defendant "bait[ed] [plaintiff] into arbitration."); Docket No. 29 at 3 ("Under [defendant's] logic, it could deliberately extend a low-ball offer to bait an insured into demanding arbitration . . . .") Indeed, plaintiff's Motion to Compel already included references to his (then proposed) Amended Complaint. A motion to reconsider cannot be an attempt to re-argue the original motion. See Dowling v. Sturgeon Elec., No. 10-cv-01118-REB-KMT, 2011 WL 5357264, *1 (D. Colo. Nov. 7, 2011). Accordingly, the court finds that plaintiff's argument for reconsideration is without merit.

Second, the court does not agree with plaintiff's argument that discovery is required to determine if there was a genuine disagreement. Plaintiff made the same argument in its reply (Docket No. 29) to its original motion. See Docket No. 29 at 3 ("The issue of whether the parties has a genuine disagreement is, therefore, a disputed

4

issue of fact. [Plaintiff] should be allowed to obtain discovery relevant to this issue, irrespective of whether the evidence was generated before or after [plaintiff's] arbitration demand.")  Further, to any extent the argument was not made, it is inappropriate to bring it now.  See Catholic Health Initiatives Colo. v. Gross, No. 06-cv-01366-REB-BNB, 2007 WL 2962744, at *1 (D. Colo. Oct. 10, 2007) (stating that when moving a court to reconsider an order, it is inappropriate to present new arguments which were otherwise available for presentation when the original motion was briefed).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider Order Denying Motion to Compel (Docket No. 36) is **DENIED**.

Date:  December 13, 2012               s/ Michael J. Watanabe
       Denver, Colorado                Michael J. Watanabe
                                       United States Magistrate Judge