IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON
DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION
FOR PROTECTIVE ORDER RE: 30(b)(6) DEPOSITION OF AMERICAN FAMILY
(Docket No. 59)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Philip A. Brimmer on July 5, 2012.

Now before the court is defendant's Motion for Protective Order (Docket No. 59). The court has carefully considered the subject motion (Docket No. 59), plaintiff's response (Docket No. 61), and defendant's reply (Docket No. 62). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Pursuant to Rule 30(b)(6), plaintiff seeks to depose a corporate representative of defendant. Plaintiff's Notice of Rule 30(b)(6) Deposition (Docket No. 59-1) identifies twelve broad topics, and a total of forty sub-topics, to be examined during the

2

deposition. Defendant objects to each of the twelve broad topics, arguing the topics are overbroad and irrelevant. Defendant further argues that plaintiff impermissibly seeks legal opinions and conclusions, and seeks information protected by the attorney client and work product privileges. Defendant requests the court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the deposition topics.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Pursuant to Fed. R. Civ. P. 26(c), a party "may move for a protective order in the court where the action is pending." The court may issue an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery in certain matters." Fed. R. Civ. P. 26(b)(1)(D).

**Topic A**

Topic A seeks a witness to testify to defendant's "insurance policies and coverages in force and applicable at the time of the incident including the duties of [defendant] and its insured's [sic] under any such policy," and in addition "[a]ll persons involved, communications, documents, and actions taken regarding" those policies and coverages. Defendant argues its "duties" are a legal inquiry and therefore not a proper topic. Defendant further argues Topic A does not involve the relevant time period surrounding plaintiff's claim.[1]

---

[1] Namely, defendant defines the relevant time period as the time from when plaintiff submitted his underinsured motorist claim through the time arbitration was requested. The court has previously ruled that "records created after plaintiff's demand for arbitration are irrelevant" because "defendant's good faith duty to negotiate, pay, or settle plaintiff's claim" ended at that time. See Docket Nos. 32 & 47.

3

The court finds that Topic A, as written, is relevant and not overbroad. The time period Topic A relates to is "at the time of the incident." Accordingly, it does not fall within the post-arbitration demand period the court has previously found as irrelevant. Further, plaintiff may inquire into the duties under the policies and coverages as long as the inquiry is factual in nature (i.e., the terms of the duties as defined in the policies). Plaintiff may not inquire as to the witness's legal opinion of those duties.

**Topic B**

Topic B seeks a witness to testify regarding defendant's claim handling procedures, compliance with such procedures, and industry standard procedures. Defendant argues Topic B is not limited to the relevant time period and the issue of "compliance" is an impermissible legal inquiry. Defendant also argues Topic B implicates the attorney client privilege and the work product doctrine.

The court finds that Topic B is overbroad in that it implicates irrelevant information, namely procedures or/and time periods that could be wholly unrelated to plaintiff's claims. It is therefore ordered that Topic B shall be limited to procedures that are reasonably related to plaintiff's claims (i.e., procedures used in evaluating plaintiff's claims), and procedures in place at the time of plaintiff's incident up until the arbitration demand was made. Further, plaintiff may inquire into factual issues, but may not make legal inquiries. As to the attorney client privilege and work product doctrine, the court will make no ruling at this time as those objections are premature. See United States v. Hodgson, 492 F.2d 1175, 1177 (10th Cir. 1974) (holding that assertions of privilege must normally be raised "as to each record sought and each question asked so that . . . the court can rule with specificity").

**Topic C**

Topic C seeks a witness to testify regarding laws, rules, and regulations applicable to its investigation and adjustment of plaintiff's claim, particular portions of the Colorado Unfair Claim Settlement Practices Act, and defendant's compliance with the laws, rules, and regulations. Defendant objects to Topic C under similar grounds as to its objections to Topic B.

The court finds that Topic C shall be limited to laws, rules, and regulations reasonably related to plaintiff's claims and in effect at the time of plaintiff's incident up until the arbitration demand was made. Further, plaintiff may inquire into factual issues, but may not make legal inquiries. As to the attorney client privilege and work product doctrine, the court will make no ruling at this time as those objections are premature.

**Topic D**

Topic D seeks a witness to testify to defendant's training of persons involved in plaintiff's claims, training, background, and experience of the persons involved in the investigation and adjustment of plaintiff's claims, and all persons, communications, documents, and actions taken in the investigation and adjustment of plaintiff's claims. Plaintiff argues Topic D is not limited to the relevant time period and is overbroad.

The court finds that Topic D shall be limited to training reasonably related to plaintiff's claims and in effect at the time of plaintiff's incident up until the arbitration demand was made.

**Topic E**

Topic E seeks a witness to testify to how persons in the investigation and

5

adjustment of plaintiff's claims are compensated, including incentives, commissions, bonuses, awards, and perquisites. Defendant argues Topic E is overbroad.

The court finds that Topic E shall be limited to the time period from the time of plaintiff's incident up until the arbitration demand was made. Further, it shall be limited to information directly related to plaintiff's claims, i.e., compensation of employees handling plaintiff's claims, or reasonably similar claims.

**Topic F**

Topic F seeks a witness to testify to how persons involved in the investigation and adjustment of claims are evaluated for performance, retention, promotion, demotion, transfer, and termination. Defendant argues Topic F is overbroad.

The court finds that Topic F shall be limited to the time period from the time of plaintiff's incident up until the arbitration demand was made. Further, it shall be limited to information directly related to plaintiff's claims, i.e., evaluation of employees handling plaintiff's claims, or reasonably similar claims.

**Topics G, H, I, and J**

Topics G, H, I, and J seek a witness to testify to the investigation of the subject incident, plaintiff's injuries and damages, the analysis and valuation of plaintiff's claim, and settlement negotiations regarding plaintiff's claim. Defendant argues Topics G, H, I, and J should be limited to the relevant time period.

The court finds that Topics G, H, I, and J shall be limited to the time period from the time of plaintiff's incident up until the arbitration demand was made.

6

**Topic K**

Topic K seeks a witness to testify regarding defendant's payments of benefits to plaintiff. Plaintiff argues Topic K is overbroad.

The court finds that Topic K shall be limited to payments of benefits to plaintiff under the subject insurance policies made as a result of the subject incident.

**Topic L**

Topic L seeks a witness to testify to investigations of defendant by the State of Colorado or any governmental agency. Plaintiff argues Topic L is overbroad and seeks privileged information .

The court finds that Topic L shall be limited to investigations involving plaintiff's claim or claims reasonably similar to plaintiff's. The court will not place a restriction on the relevant time period. As to the attorney client privilege and work product doctrine, the court will make no ruling at this time as those objections are premature.

**Order**

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion for Protective Order (Docket No. 59) is GRANTED as outlined above. It is further

**ORDERED** that each party will be responsible for the costs and fees associated with the subject motion**.**


Date:  February 22, 2013                s/ Michael J. Watanabe
       Denver, Colorado                 Michael J. Watanabe
                                        United States Magistrate Judge