IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01683-PAB-MJW

GREGORY TOY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (Docket No. 67)
and
PLAINTIFF'S SUPPLEMENT TO MOTION TO COMPEL AND FOR SANCTIONS
(Docket No. 76)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Philip A. Brimmer on July 5, 2012.

Now before the court is Plaintiff's Motion to Compel and for Sanctions (Docket No. 67) and Plaintiff's Supplement to Motion to Compel and for Sanctions (Docket No. 76).  The court has carefully considered the subject motions (Docket Nos. 63-1 & 72-1), defendant's response (Docket No. 79-1), plaintiff's reply (Docket No. 82-1), and all attached exhibits.  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

Plaintiff's motions seek an order from the court to compel defendant to produce several documents. Specifically, the following documents are currently in dispute: (1) the Colorado Business Plans; (2) American Family Newsletters; and (3) "Strategic Plan" and "Reinventing Claims" documents. Defendant argues plaintiff's requests for the above documents are overbroad, irrelevant, and include confidential and trade secret information.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and any information which "appears reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." Scotsman Indus., Inc. v. Broadbent, No. 11-cv-01793-JLK-KLM, 2012 WL 3869183, at *3 (D. Colo. Sept. 6, 2012) (citation omitted).

**The Colorado Business Plans**

The first disputed request is for defendant to produce Colorado Business Plan documents from 2000 to the present time. Defendant argues the Colorado Business Plans are irrelevant because plaintiff's claim was handled out of defendant's Phoenix, Arizona office, and not a Colorado office. Defendant also argues that the request for business plans spanning a thirteen year period is overbroad. In response, plaintiff points out that the subject crash occurred in Colorado, the insurance policy was issued in Colorado, plaintiff's claim was submitted in Colorado, and the value of plaintiff's claim

3

was determined in Colorado.  Plaintiff argues that these facts, along with the Declaration of Gary Fye, render the Colorado Business Plan relevant to this matter.

The court agrees with defendant that the information contained in the Colorado Business Plans are not reasonably calculated to lead to discovery of admissible evidence.  Plaintiff does not dispute defendant's contention that plaintiff's claim was handled, in its entirety, by the Phoenix office.  Further, defendant specifically states that the Colorado Business Plans played no role in the Phoenix office's actions regarding plaintiff's claim.  While this statement is obviously conclusory, it may be sufficient to meet defendant's burden since defendant is otherwise faced with proving a negative, i.e., showing the Phoenix office does *not* utilize out-of-state business plans.  See, e.g., Winner v. Etkin & Co., Inc., No. 2:07-cv-903, 2008 WL 5429623, at *2 (W.D.Pa. Dec. 31, 2008) (noting that a party "cannot be required to 'prove a negative' by demonstrating that non-existent documents do not exist").  Further, as noted by defendant, the Phoenix Business Plan provides no indication that other business plans should be utilized or referenced in handling claims.  See Docket No. 79-2.

In addition, plaintiff does specifically explain how the business plan for an office completely uninvolved in handling plaintiff's claim is somehow relevant.  Plaintiff provides no direct indication that an out-of-state office handling a claim which originated in a second state somehow references the second state's business plan in handling the claim.  Further, Mr. Fye's Declaration on the subject is vague and conclusory.  See Docket No. 63-3, at 2 (stating that "[i]t is preposterous to suggest that [because] a major insurer . . . handles Colorado claims from another state, the business plan is somehow nullified").  The court also notes that plaintiff provides no explanation as to why the

(seemingly arbitrary) period of thirteen years worth of Colorado Business Plans is relevant.  In balance, then, the court finds that defendant has met its burden to show that plaintiff's request for the Colorado Business Plans is objectionable.  Accordingly, the court finds that the Colorado Business Plans are irrelevant, and therefore not discoverable.

**American Family Newsletters**

The next disputed request is for defendant to produce "any and all company newsletters for the years 2005 to the present from 'All American,' 'Family Album' and 'Policy Holder News.'"  Defendant argues the request is irrelevant and overbroad.  Specifically, defendant points out that the unreasonableness of defendant's actions must be determined on the specific circumstances surrounding plaintiff's claim.  Accordingly, any alleged departure by defendant from "policies and goals" referenced in the newsletters is irrelevant.  Defendant also argues that given the limited timeframe of plaintiff's claim, plaintiff's request for newsletters going back to 2005 is overbroad.  Finally, defendant argues that plaintiff could have never received any of the newsletters and therefore could not have relied on anything therein.

In response, plaintiff argues that defendant's own policies and goals can obviously be considered when determining the reasonable insurer standard and in considering the consistency of defendant's own actions.  Plaintiff also argues that there does not need to be any showing of reliance on the part of plaintiff for the newsletters to be relevant.

The court agrees with plaintiff that the information contained in the newsletters may be relevant to determine the reasonable insurer standard and the consistency of

5

defendant's actions. Further, defendant cites to no case law concerning any kind of reliance required in a situation such as this. Accordingly, the court finds that the newsletters are relevant and discoverable.

However, the court agrees that the request in overbroad. Defendant will be required to produce newsletters issued only doing the relevant time period as previously defined by this court. See Docket Nos. 32, 47, & 71. Specifically, defendant is ordered to produce all newsletters issued from the time of plaintiff's incident up until the arbitration demand was made.

**"Strategic Plan" and "Reinventing Claims" Documents**

The final disputed request involves defendant's "Strategic Plan" and "Reinventing Claims" documents. Defendant provides little argument to support its objection to this request. Defendant states that the documents are irrelevant in determining whether it acted as a reasonable insurer. Defendant further repeats the statement that only the specific circumstances surrounding plaintiff's claim is relevant.

The court finds defendant has failed to meet its burden to show how the request is objectionable. Defendant's argument consists of a handful of conclusory statements and nothing more. In addition, as noted in the previous section, like the newsletters, the information in the information "Strategic Plan" and "Reinventing Claims" documents may be relevant to determine the reasonable insurer standard and the consistency of defendant's actions. Accordingly, the court finds that the "Strategic Plan" and Reinventing Claims" documents are relevant and discoverable. The discoverable documents shall be limited to those in effect during the relevant time period as defined above.

6

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Compel and for Sanctions (Docket No. 67) and Plaintiff's Supplement to Motion to Compel and for Sanctions (Docket No. 76) are GRANTED IN PART and DENIED IN PART as outlined above.  It is further

**ORDERED** that plaintiff's request for sanctions is DENIED**.**


Date:  April 1, 2013                             s/ Michael J. Watanabe
          Denver, Colorado                    Michael J. Watanabe
                                                          United States Magistrate Judge