IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01683-PAB-MJW

GREGORY TOY,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

**ORDER ON
PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING MOTION TO COMPEL
PRODUCTION OF "COLORADO BUSINESS PLANS"
(Docket No. 111)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Philip A. Brimmer on July 5, 2012.

Now before the court is Plaintiff's Motion to Reconsider Order Denying Motion to Compel Production of "Colorado Business Plans" (Docket No. 111).  The court has carefully considered plaintiff's motion (Docket No. 106-1), defendant's response (Docket No. 110), and plaintiff's reply (Docket No. 118).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

On April 1, 2013, this court entered an Order (Docket No. 88) denying in part and granting in part Plaintiff's Motion to Compel and for Sanctions (Docket No. 67) and

2

Plaintiff's Supplement to Motion to Compel and for Sanctions (Docket No. 76). Specifically, as relevant to the subject motion, the court denied plaintiff's request for defendant to produce Colorado Business Plan documents from 2000 to the present time. The court found, among other things, that the Colorado Business Plans were not relevant since there was no indication that they played any role in the handling of plaintiff's claim.

Plaintiff now urges the court to reconsider its order. Plaintiff notes that during defendant's Rule 30(b)(6) deposition, defendant indicated that claims are governed by the business plan for the state in which the claim arose, and not the state in which the claim was handled. Defendant also confirmed that the business plan for the location of the event contains items which are audited, including "loss ratios." Accordingly, plaintiff argues that, in light of this new evidence, the Colorado Business Plans are clearly relevant.

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Id. (citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991)). Plaintiff argues that the availability of new evidence, i.e., the Rule 30(b)(6) deposition of defendant, justifies reconsideration.

In response to plaintiff's argument, defendant no longer contends that the Colorado Business Plans are completely inapplicable to plaintiff's claim. Rather,

defendant argues that the plans are not relevant because the adjusters that handle claims are not familiar with the state-specific plans and do not have access to the plans. Further, defendant states that "compliance with state-specific plans and achievement of any goals set forth in those plans are irrelevant to the performance review and evaluation process used for [defendant's] adjusters." In addition, even if the adjusters were familiar with the plans, defendant argues that "[d]esires to increase premium volume, writing increased amounts of business, and overall loss ratios" used by defendant are not relevant to plaintiff's allegations.

The scope of discovery is broad and "is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir.1995) (citation omitted). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . subject to the limitations imposed by Rule 26(b)(2)(c)." See also Williams v. Bd. of Cnty. Comm'rs, 192 F.R.D. 698, 702 (D. Kan. 2000) (citations omitted) (noting that "request for discovery should be considered relevant if there is 'any possibility' the information sought may be relevant to the subject matter of the action"). Considering that "[l]imitations on the discovery process necessarily conflict with the 'fundamental principle that the public . . . has a right to every man's evidence,'" the Federal Rules broadly define the scope of discovery. Simpson v. Univ. of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004) (citing Trammel v. United States, 445 U.S. 40, 50

4

(1980)).

The court finds, that in light of the broad scope of discovery, the Colorado Business Plans are relevant to plaintiff's allegations. As plaintiff explains, although individual adjusters may be unaware of the specific goals contained in the plans, the adjusters are aware, in a broader sense, of general corporate goals. Defendant testified during its deposition that adjusters receive bonuses which are, at least in part, based on meeting corporate financial goals. Further, defendant testified that the amount paid out in claims will affect corporate financial goals and thus have an impact on bonuses. In other words, the plans contain corporate goals which adjusters are generally aware of, those goals help determine an adjuster's bonus, and adjusters are aware that meeting corporate goals affect their bonuses. Accordingly, the targets and goals set forth in the Colorado Business Plans may possibly support plaintiff's allegation that plaintiff's adjuster had reason to "low ball" plaintiff's claim.

However, the court agrees that the request in overbroad. Defendant will be required to produce Colorado Business Plans in effect during the relevant time period as previously defined by this court. <u>See</u> Docket Nos. 32, 47, & 71. Specifically, defendant is ordered to produce all Colorado Business Plans issued from the time of plaintiff's incident up until the arbitration demand was made.

5

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider Order Denying Motion to Compel Production of "Colorado Business Plans" (Docket No. 111) is **GRANTED** as outlined above.

Date: June 18, 2013  s/ Michael J. Watanabe
      Denver, Colorado  Michael J. Watanabe
                                     United States Magistrate Judge