IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the motion to Dismiss [Docket No. 46] filed by defendant American Family Mutual Insurance Company ("American Family"). The Court has jurisdiction over this first-party insurance coverage dispute pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**[1]

On August 26, 2008, plaintiff Gregory Toy was injured in a car accident caused by Ceaser Barriga-Nino, an underinsured driver.[2] At the time of the accident, Mr. Toy was covered by an American Family insurance policy that included underinsured motorist ("UIM") coverage up to $1,000,000.00. As a result of the collision, Mr. Toy suffered physical injuries and sustained economic damages in the form of past and

---

[1] The following facts are taken from plaintiff's complaint and, for the purposes of this motion, taken as true.

[2] It is undisputed that the accident occurred as a result of Mr. Barriga-Nino's negligence. Docket No. 42 at 2, ¶ 5.

future medical expenses, lost wages, and future loss of income. Docket No. 42 at 2, ¶ 6.

After the accident, Mr. Toy filed a claim against Mr. Barriga-Nino and, with American Family's consent, on November 2, 2009, settled with Mr. Barriga-Nino for his $25,000.00 insurance policy limit. *Id*. at 2, ¶¶ 7-8. On December 16, 2010, Mr. Toy also filed a coverage claim for UIM benefits pursuant to his insurance policy with American Family. *Id*. at ¶ 9. On January 28, 2011, American Family requested that Mr. Toy provide additional medical records. *Id*. at ¶ 10. On March 31, 2011, Mr. Toy sent American Family the requested medical records. *Id*.

On May 23, 2011, American Family sent Mr. Toy a letter stating that it had not received the requested medical records, but nevertheless offered Mr. Toy $75,000.00 to settle his coverage claim. *Id*. at 3, ¶ 12. On June 1, 2011, Mr. Toy sent American Family a letter explaining that he had provided all of the medical records in his possession and requesting that American Family describe the information upon which it relied to reach the $75,000.00 settlement amount. *Id*. at ¶ 13. On June 2, 2011, American Family presented Mr. Toy with a "final offer" of $100,000.00 to settle his coverage claim, but did not address Mr. Toy's request for an explanation of the valuation decision. *Id*. On June 7, 2011 and June 16, 2011, Mr. Toy again requested that American Family explain how it evaluated his claim and arrived at a settlement amount of $100,000.00; American Family, however, did not respond to Mr. Toy's inquiries. *Id*. Mr. Toy alleges that, although he provided American Family with medical releases, American Family did not (1) consult any of his physicians, (2) perform an

independent search for Mr. Toy's medical records, or (3) request that Mr. Toy undergo an independent medical examination. *Id*. at 3, ¶ 14.

On August 15, 2011, Mr. Toy requested arbitration in order to resolve the valuation dispute. *Id*. at 5, ¶ 19. American Family agreed to arbitration. Before the arbitration hearing, American Family did not submit a case summary or designate any witnesses or exhibits for the hearing. *Id*. at ¶ 20. Mr. Toy alleges that, because American Family did not provide a case summary or designate witnesses for the arbitration hearing, American Family must have known that Mr. Toy's damages exceeded the $1,000,000.00 available under his UIM policy and that American Family used the arbitration process as a delaying tactic. *Id*.

On March 28, 2012, Mr. Toy requested that American Family tender the $1,000,000.00 available under his policy in lieu of proceeding with the arbitration hearing. *Id*. at ¶ 21. American Family refused to tender the insurance proceeds. *Id*. On April 9 and 10, 2012, the parties participated in an arbitration hearing. *Id*. at 6, ¶ 23. Following the hearing, the arbitrator issued Mr. Toy an award of $2,067,005.30 for his coverage claim, which included among other things, $964,557.00 for economic damages, $300,000.00 for physical impairments, and $275,000.00 for noneconomic damages. *Id*. at ¶ 24. Shortly after arbitration, American Family agreed to pay Mr. Toy the $1,000,000.00 available under the policy in addition to the costs Mr. Toy incurred because of the arbitration proceedings. *Id*. at ¶ 25.

As a result of these events, Mr. Toy filed the present case. In his First Amended Complaint [Docket No. 42], Mr. Toy brings claims against American Family for

unreasonable delay or denial of insurance benefits in violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, as well as common law bad faith breach of insurance contract. Docket No. 42 at 6-8. Through the present motion, American Family requests that the Court dismiss both claims.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In so doing, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

## III. ANALYSIS

### A. Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116

American Family argues that plaintiff's allegations are insufficient to raise a claim under the statutes because plaintiff's disagreement with American Family's valuation cannot, as a matter of law, demonstrate that American Family acted unreasonably. Docket No. 46 at 11. American Family contends that it acted reasonably when handling plaintiff's claim because it reviewed medical records, described the basis for its settlement offers, and attempted to reach a settlement. *Id*. Additionally, American Family claims that, because "this Court has previously recognized" a "genuine dispute between Plaintiff and American Family as to [the] value of Plaintiff's claim prior to arbitration," Mr. Toy's allegations regarding American Family's pre-arbitration conduct are insufficient to state a claim for violation of the statutes. *Id*. at 11-12.

Under § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."[3] Colo. Rev. Stat. § 10-3-1115(1)(a). Similarly, § 10-3-1116 states that "[a] first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably

---

[3] A first-party claimant means an individual, corporation, association, partnership, or other legal entity asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy. Colo. Rev. Stat. § 10-3-1115. It is undisputed that Mr. Toy is a first-party claimant within the meaning of the statutes. Docket No. 52 at 5 n. 2.

delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1). An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit *without a reasonable basis* for that action." Colo. Rev. Stat. § 10-3-1115(2) (emphasis added).

Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists. *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). Under common law bad faith principles, Colorado courts traditionally find that it is reasonable for an insurer to challenge claims that are "fairly debatable." *Id*. at 496. Thus, under common law, finding that an insurer's justification for denying or delaying payment of a claim is "fairly debatable" typically weighs against finding that an insurer acted unreasonably. *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010) (citation omitted).

Because the statutes at issue here, however, create a cause of action that is different from the common law tort of bad faith breach of an insurance contract, the "burden of proving th[e] statutory claim is less onerous than that required to prove a claim under the common law for breach of the duty of good faith and fair dealing." *Kisselman v. Am. Fam. Mut. Ins. Co.*, 292 P.3d 964, 975 (Colo. App. 2011). Thus, even if American Family's denial was "fairly debatable" in the common law context, that alone would not establish that American Family's actions were reasonable as a matter of law under the statutes. *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 760 (Colo. App.

2012); *see also Sanderson*, 251 P.3d at 1218 (noting that, even under common law, finding that a claim was fairly debatable "is not a threshold inquiry that is outcome determinative as a matter of law, nor is it both the beginning and the end of the analysis in a bad faith case").

In this case, plaintiff alleges that American Family had no "reasonable basis to support its $100,000 [settlement] offer" because American Family did not (1) "conduct a reasonable investigation," (2) consult any of Mr. Toy's physicians, (3) perform an independent search for Mr. Toy's medical records, or (4) request that Mr. Toy undergo an independent medical examination.[4]  Docket No. 42 at 3-4, ¶¶ 13-16.  Additionally, plaintiff avers that American Family's settlement offers are insufficient to establish a genuine disagreement between the parties about the value of Mr. Toy's claim because American Family did not explain how it evaluated Mr. Toy's coverage claim and refused

---

[4]American Family has attached documents to its motion to dismiss and requests that the Court consider these documents, arguing that they are central to Mr. Toy's complaint.  Docket No. 46 at 8-10.  Generally, a motion to dismiss should be converted to a motion for summary judgment if a party submits, and the district court considers, materials outside the pleadings.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007).  However, when resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider, in addition to the allegations of the complaint, "(1) documents that the complaint incorporates by reference, (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,' and (3) 'matters of which a court may take judicial notice.'" *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  In this case, the Court will not consider the documents attached to American Family's motion to dismiss because, although some of these documents are referenced in the complaint, the complaint also mentions other documents not submitted in the briefing by the parties and the Court is unwilling to convert this motion into a motion for summary judgment. *See Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341-42 (10th Cir. 2000) (noting that the mere fact that defendant provided documents to the Court does not require the Court to rely on those documents).

to consider the questions Mr. Toy raised in the June 1, 2011 letter. *Id*. at 3, ¶ 13. Moreover, Mr. Toy alleges that it was unreasonable for American Family to rely on his prior neck injury to evaluate his claim because American Family knew that the previous neck injury did not result in surgery. *Id*. at 3, ¶ 12.  Based on the foregoing, the Court finds that plaintiff has alleged sufficient facts to raise a claim regarding whether it was reasonable for American Family to tender two settlement offers without contacting Mr. Toy's physicians, providing Mr. Toy with an explanation of the information used to calculate the settlement offers, or performing an independent investigation of Mr. Toy's medical history.  See *Cork v. Sentry Ins.,* 194 P.3d 422, 427 (Colo. App. 2008) ("An insurer may face liability for bad faith breach of insurance contract . . . by failing reasonably to investigate a claim or to gather facts"); *Vaccaro*, 275 P.3d at 760 (noting that a defendant may be liable under the statutes even if the claim is "fairly debatable").

Moreover, to the extent American Family argues that the Court has already found, as a matter of law, that there was a genuine disagreement between the parties about the value of plaintiff's claim before Mr. Toy made the arbitration request, Docket No. 46 at 11-12, the Court is not persuaded.  As noted in the Order on Plaintiff's Motion to Compel [Docket No. 32], the magistrate judge's conclusion that there was a genuine disagreement between the parties about plaintiff's coverage claim was limited to the issues raised in plaintiff's motion to compel.  See Docket No. 32 at 3 ("[t]he court agrees with defendant, that for the purposes of the *subject motion*, there was a genuine dispute") (emphasis added).  Thus, because the magistrate judge's ruling was limited to plaintiff's motion to compel, American Family's reliance on this ruling is misplaced.  The

crux of plaintiff's statutory claim here is that there was no genuine disagreement between the parties about the value of plaintiff's claim because American Family has no evidence to support its valuation estimates and, therefore, it was unreasonable for American Family to tender two "baseless" settlement offers and cause Mr. Toy to await the conclusion of arbitration proceedings before receiving his policy benefits. Because the Court finds that plaintiff's allegations are sufficient to raise a plausible claim of unreasonable delay or denial in violation of statutes, the Court will deny American Family's motion to dismiss plaintiff's statutory claim.

### B. Bad Faith Breach of Insurance Contract

Under Colorado law, an insurer must deal in good faith with its insured. *Decker v. Browning-Ferris Indus. of Colo.*, 931 P.2d 436, 443 (Colo. 1997). An insurer may breach its duty of good faith due to the insurer's conduct with third parties or with first parties. *Am. Fam. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). To show bad faith in a first-party claim, like this one, the insured must prove both that the insurer acted "unreasonably under the circumstances" and that "the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Goodson v. Am. Std. Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004). The reasonableness of an insurer's conduct must be determined objectively based on industry standards. *Allen*, 102 P.3d at 342.

As noted above, Mr. Toy alleges sufficient facts to raise a claim that American Family's denial of his insurance coverage claim was unreasonable. *See Cork,* 194 P.3d at 427. Moreover, because plaintiff has alleged that, because of American Family's failure to conduct an investigation, it had no "reasonable basis" to deny his claim,

Docket No. 42 at 3, ¶ 13, plaintiff's factual allegations are sufficient to survive a motion to dismiss even though American Family argues that plaintiff's claim was "fairly debatable." *Zolman*, 261 P.3d at 496 (noting that in Colorado, an insurer can challenge claims that are fairly debatable); *Sanderson*, 251 P.3d at 1218 ("fair debatability is not a threshold inquiry that is outcome determinative as a matter of law, nor is it both the beginning and the end of the analysis of a bad faith case").  Hence, the only remaining question here is whether Mr. Toy sufficiently alleges that American Family knew and recklessly disregarded the validity of his claim.

In his complaint, Mr. Toy claims that American Family knowingly disregarded the value of his claim as shown by American Family's refusal to explain how it evaluated the settlement offers and its failure to conduct an independent investigation of the medical records.  Docket No. 42 at 3-5, ¶¶ 13-17, 19.  Mr. Toy also contends that American Family knew that Mr. Toy's damages exceeded the $1,000,000.00 policy limit, but nevertheless used the arbitration proceeding as a vehicle for delay.  *Id*. Taking these allegations as true, the Court finds that plaintiff has sufficiently alleged that American Family knowingly and recklessly disregarded the value of his claim.  *See Dunn v. Am. Fam. Ins.*, 251 P.3d 1232, 1238 (Colo. App. 2010) (noting that an insurer has a good faith duty to adequately and promptly communicate when investigating an insured's claim).

In addition, the Colorado Supreme Court has held that, although the Unfair Claims Practices Act, Colo. Rev. Stat. § 10-3-1101 *et seq.* does not establish a standard of care actionable in tort, it may be valid, but not conclusive of insurance

industry standards. *Allen*, 102 P.3d at 343. Thus, because plaintiff alleges that American Family knew that its investigation of plaintiff's insurance claim was insufficient, yet American Family offered Mr. Toy unreasonably low settlement offers in order to delay payment of plaintiff's insurance claim, the Court finds that this also sufficiently asserts that American Family knowingly violated industry standards by refusing to conduct a reasonable investigation into the value of plaintiff's claim. Docket No. 42 at 4, ¶ 17; *see* Colo. Rev. Stat. § 10-3-1104(1)(h)(IV) (noting that it is an unfair claim settlement practice for a company to "[r]efus[e] to pay claims without conducting a reasonable investigation based upon all available information"). Accordingly, because plaintiff sufficiently alleges that American Family knowingly and recklessly disregarded the value of his insurance claim, the Court will deny American Family's motion to dismiss plaintiff's common law bad faith claim.[5] *Sanderson*, 251 P.3d at 1217-18.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Amended Motion to Dismiss Pursuant to Rule 12(b)(6) [Docket No. 46] is **DENIED**.

DATED August 13, 2013.

                                                  BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  United States District Judge

---

[5] The Court will not discuss American Family's argument that its post-arbitration demand conduct is irrelevant to the merits of plaintiff's claim because the Court resolved this issue in a previous order. *See* Docket No. 137.