IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

## ORDER

---

    This matter is before the Court on Plaintiff's Motion to Limit Testimony of

Defendant American Family Mutual Insurance Company's Expert Witness, John Craver

[Docket No. 160] filed by plaintiff Gregory Toy.  This motion is fully briefed and ripe for

disposition.

## I. BACKGROUND

### A.  Facts

    This action arises out of an insurance coverage dispute between defendant and

plaintiff Gregory Toy.  Mr. Toy was insured under his employer's insurance policy

issued by defendant.  Docket No. 86 at 3, ¶ 1.  The policy's Underinsured Motorist

("UIM") endorsement limited coverage to $1,000,000 for any single accident.  *Id.*; *see*

Docket No. 162-1 at 2.  As relevant to this motion, the UIM endorsement stated:

### C.  Exclusions

    This insurance does not apply to any of the following: . . .

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

**D. Limit Of Insurance**

**2.** No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form or Medical Payments Coverage Endorsement attached to this Coverage Part.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

Docket No. 162-1 at 1-2.

On August 26, 2008, Mr. Toy was injured in a motor vehicle collision caused by Ceaser Barriga-Nino. Docket No. 143 at 6, ¶ 1. On November 2, 2009, defendant provided Mr. Toy written consent to accept a $25,000 settlement from Mr. Barriga-Nino's insurance carrier. Docket No. 143 at 6, ¶¶ 2-3. On December 29, 2009, Mr. Toy settled his workers' compensation claims with his workers' compensation carrier for $80,000. Docket No. 109-6.

On December 16, 2010, Mr. Toy submitted his UIM claim to defendant for evaluation under the UIM endorsement. Docket No. 143 at 6, ¶ 4. On May 26, 2011, defendant offered to settle Mr. Toy's claim for $75,000. Docket No. 109-2 at 2. In a letter to Mr. Toy, Vicki Mrowiec, defendant's Commercial F/R Claim Desk Senior Adjuster, explained that defendant's settlement offer took into account, among other things, the $43,443.87 for medical expenses and additional compensation for lost wages paid by Mr. Toy's workers' compensation carrier. Docket No. 109-2 at 1-2. Defendant's Fed. R. Civ. P. 30(b)(6) deponent was asked about section C.2 of the UIM

2

endorsement and agreed that defendant's adjusters relied upon section C.2 when

offsetting the amount of workers' compensation benefits received by Mr. Toy.  Docket

No. 160-3 at 2-3, pp. 17:20-18:6.  Defendant claims that the deponent was never asked

about section D.2 or about any other considerations for offsetting workers'

compensation benefits.  Docket No. 162 at 6.  On June 2, 2011, defendant made Mr.

Toy a final settlement offer of $100,000.  Docket No. 109-4 at 1.

### B.  John P. Craver Report

On February 25, 2013, defendant's expert witness, John P. Craver, submitted a

report concerning defendant's handling of Mr. Toy's UIM claim.  Docket No. 160-1.  Mr.

Craver opines that, pursuant to section D.2 of the UIM endorsement, defendant acted

reasonably when it considered the workers' compensation benefits Mr. Toy received in

calculating its settlement offers.  *Id.* at 8.  Mr. Craver testified that defendant acted

reasonably in offsetting workers' compensation benefits based upon a Colorado trial

court approving a similar offset, the fact that Mr. Toy's employer paid for the workers'

compensation policy, his own legal analysis concluding that a workers' compensation

carrier is entitled to subrogate benefits paid against the tortfeasor, and his legal analysis

concluding that case law generally prohibits double recovery.  Docket No. 162-3 at 4, p.

96:1-19.

Mr. Craver also opined that the adjusters' analysis of Mr. Toy's UIM claim was

complicated because the collision was a "modest motor vehicle accident" resulting in

"only $2,463 [in damage] to the company vehicle that the Plaintiff was in at the time."

Docket No. 160-1 at 8.

Pursuant to Fed. R. Evid. 702 and Fed. R. Civ. P. 26(a)(2)(B), plaintiff moves to

3

exclude Mr. Craver's opinion concerning defendant's offset of workers' compensation benefits and Mr. Craver's opinion that the amount of property damage was a complicating factor in defendant's handling of Mr. Toy's claim.

## II.  FEDERAL RULE OF EVIDENCE 702

Federal Rule of Evidence 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 imposes on the district court a gatekeeping function "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).  The gatekeeping function applies equally to expert testimony based upon scientific principles or based upon "extensive and specialized experience," provided such testimony will "assist the jurors in deciding the particular issues in the case." *Id.* at 156 (internal quotation marks omitted).  To do so, the Court must "perform[ ] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).  After determining whether the expert is qualified, the specific proffered opinions must be assessed for reliability.  *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the case").  A reliability determination must be "tied to the facts

4

of a particular case," especially where, as here, expert testimony is based on specialized experience rather than scientific principles. *Kumho Tire*, 526 U.S. at 150-51. Therefore, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152. While the proponents of the challenged testimony have the burden of establishing admissibility, their proffer is tested against the standard of reliability, not correctness. *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008).

## III. ANALYSIS

### A. Offset

Mr. Toy seeks to exclude Mr. Craver's opinion that defendant's adjusters acted reasonably to offset workers' compensation benefits on two grounds: first, that Mr. Craver failed to reliably apply principles and methods to the facts of the case, and second, that Mr. Craver's opinion is not relevant and would not assist the jury.[1] Docket No. 160 at 6 (citing Fed. R. Evid. 702(d)). Mr. Toy argues Mr. Craver's opinion is based on an assumption contradicted by facts, namely, that Mr. Craver incorrectly assumed that defendant relied on section D.2 of the UIM endorsement in offsetting workers' compensation benefits. *Id.*

Defendant's Rule 30(b)(6) witness testified as follows:

---

[1]This Court's practice standards require that a party seeking to exclude an expert opinion must "identify the specific ground(s) on which each opinion is challenged, e.g., relevancy, sufficiently of facts and data, methodology." Practice Standards (Civil cases), Judge Philip A. Brimmer § III.G. Mr. Toy's brief does little more than recite the provisions of Fed. R. Evid. 702. Nonetheless, Mr. Toy's motion generally identifies the nature of his challenge to Mr. Craver's opinion and, as such, the Court will consider Mr. Toy's arguments on the merits.

> Q.     But for all policies in Colorado that contain this exclusion that we see under section C2, are your adjusters trained to offset workers' compensation benefits pursuant to that provision, C2?
>
> A.     They are.
>
> Q.     And that's the provision that American Family Insurance relied upon when it offset the amount of workers' compensation benefits received by Mr. Toy, correct?
>
> A.     Correct.

Docket No. 160-3 at 2-3, pp. 17:21-18:6.  Mr. Craver admits he did not analyze or

address section C.2 in his expert report:

> Q.     So looking at Section C(2), is there any difference in your mind between that provision and the provision that was found to violate public policy in the *Hillyer* case, which is Exhibit 38?
>
> A.     I haven't analyzed that.  I would need more time to analyze that frankly, because that's not what I was relying upon in my report . . . .
>
> *     *     *
>
> Q.     So if the American Family adjusters testified that they were excluding work comp benefits pursuant to C(2), that would be improper?
>
> A.     I don't - - I can't - - I have not formulated an opinion on that.  I mean, I am familiar with these insurance policies, and I would have thought that D - - D(1)(b) - - or D(2) of the endorsement is what would apply.

Docket No. 160-2 at 9-10, pp. 104:7-105-7.  Because Mr. Craver did not analyze or

address section C.2 in his expert report, Mr. Toy claims that Mr. Craver's opinion on

offsets is flawed and irrelevant.  Docket No. 160 at 8.

Defendant disputes Mr. Toy's characterization of the facts.  Defendant argues

that plaintiff's counsel never asked defendant's Rule 30(b)(6) witness about section D.2

and disputes that the witness' testimony can be characterized as stating that C.2 was

the only basis for an offset.  Docket No. 162 at 7.  Defendant argues that a factual

dispute is an insufficient basis on which to strike Mr. Craver's opinion.  Docket No. 162 at 8.

The Court finds that, contrary to defendant's argument, no factual dispute exists as to whether defendant's adjusters relied upon section D.2 in offsetting Mr. Toy's workers' compensation coverage.  Defendant's Rule 30(b)(6) witness clearly testified that section C.2 was "the provision," not "a provision" or "one of the provisions," its adjusters relied upon in offsetting the workers' compensation benefits.  Docket No. 160-3 at 3, p. 17:21-18:6.  Defendant's argument that the witness was never asked about other policy provisions is unpersuasive in light of the straightforward question and answer.  Moreover, defendant fails to provide testimony, affidavits, or other factual support to indicate that its adjusters actually relied on section D.2 in making the offset.  As such, the Court finds no factual dispute and has no basis upon which to conclude that defendant's adjusters relied upon section D.2 in offsetting settlement offers by the amount of Mr. Toy's workers' compensation benefits.

Defendant does not dispute that Mr. Craver failed to interpret section C.2 in forming his opinion, but argues that Mr. Craver's opinion on offsetting workers' compensation benefits is based additionally upon a Colorado trial court order interpreting a policy provision similar to section D.2, the collateral source rule, and a workers' compensation carrier's right to subrogation.  Docket No. 162 at 7 (citing Docket No. 162-3 at 4, p. 96:1-19).  However, defendant fails to provide any evidence to indicate that those additional bases for Mr. Craver's opinion are relevant to an offset made pursuant to section C.2.  As such, the additional bases upon which Mr. Craver forms his opinion do not create a factual dispute.

7

An expert witness' faulty factual understanding does not necessarily preclude his or her testimony. *See Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991) ("doubts . . . concerning the sufficiency of the factual basis to support [expert's] opinion go its *weight*, and not to its admissibility"); *Breidor v. Sears, Roebuck & Co.*, 722 F.2d 1134, 1138-39 (3rd Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge."). However, in this case, Mr. Craver's faulty factual assumption directly affects the relevance and reliability of his opinion. Under Rule 702, a court must determine whether the proposed expert testimony will assist the trier of fact. *Kumho Tire*, 526 U.S. at 156; *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122 (10th Cir. 2006). To do so, courts consider, among other things, whether the testimony is relevant. *Id.* at 1123. The proponent of expert testimony must also demonstrate that "the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements." *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004).

Mr. Craver's testimony on the reasonableness of defendant's offset of workers' compensation benefits is not based on undisputed facts. Instead, it is based on an incorrect factual assumption. Whether or not defendant would have been reasonable in offsetting workers' compensation benefits in its offers to Mr. Toy pursuant to section D.2 is irrelevant to the issues in this case because that is not what defendant did. The issue is whether defendant was reasonable in offsetting such benefits under section C.2, upon which Mr. Craver offers no opinions. Not only is Mr. Craver's opinion regarding section D.2 irrelevant, but it is also unreliable. While an expert's testimony

8

that an insurance company's offset of workers' compensation benefits from an offer is reasonable as a general matter may be admissible under Rule 702, that is not what happened here.  Therefore, Mr. Craver's opinion regarding the reasonableness of defendant's conduct is unreliable as applied to the facts of this case.  *See* Fed. R. Evid. 401.

Moreover, Mr. Craver's opinion on offsets carries a substantial risk of confusing the jury as to whether defendant's actions in handling Mr. Toy's claim were reasonable at the time as opposed to whether defendant's actions can be justified after the fact by a provision of the policy not relied upon during the claims handling process.  *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . confusing the issues[ or] misleading the jury.").  Finally, because Mr. Craver's report only refers to section D.2 and because Mr. Craver admitted that section C.2 was not a basis for his expert report, allowing Mr. Craver to testify on section C.2 would prejudice Mr. Toy due to lack of disclosure.  *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("to avoid prejudice [under Fed. R. Civ. P. 26(a)(2)] Dr. Jacobsen needed to know the substance of the experts' testimony").

Because Mr. Craver's expert testimony on section D.2 would not assist the jury to determine a fact at issue under Fed. R. Evid. 702, the Court will grant Mr. Toy's motion to exclude Mr. Craver's expert opinion concerning defendant's offset of workers' compensation benefits.

**B.  "Modest" Property Damage**

Mr. Toy seeks to exclude Mr. Craver's opinion that the adjusters' analysis of Mr. Toy's UIM claim was complicated because the collision was a "modest motor vehicle accident."  Docket No. 160 at 9.  Mr. Toy does not specifically indicate the grounds upon which he seeks to exclude this opinion, but makes general reference to Fed. R. Evid. 702(b), which requires that the expert testimony be "based on sufficient facts or data," and Rule 702(d), which requires that "the expert has reliably applied the principles and methods to the facts of the case."  Mr. Toy argues that defendant never considered the amount of property damage in handling Mr. Toy's claim and, as such, that Mr. Craver should be prohibited from opining that Mr. Toy's UIM claim was complicated because the collision was a "modest motor vehicle accident."  Docket No. 160 at 9.

Defendant disputes Mr. Toy's characterization of the facts and argues that the modest amount of property damage was a factor in its analysis of Mr. Toy's claim. Docket No. 162 at 9.  Specifically, defendant points out that its Rule 30(b)(6) witness testified that, when setting the initial reserves on Mr. Toy's claim, "the only information we had was the fact that it was an accident involving minor damages to the vehicle.  He was a fourth car in a four-car accident.  Minor damage."  Docket No. 162-2 at 5, p. 170:19-24.

The Court first turns to the question of whether Mr. Craver's opinion is based on sufficient facts and data.  Defendant's Rule 30(b)(6) witness testified that defendant was aware, from the outset, of the extent of property damage related to Mr. Toy's UIM claim.  Docket No. 162-2 at 5, p 170:19-24.  Moreover, Ms. Mrowiec testified that the

10

photographs depicting the damage to the truck Mr. Toy was driving were part of the file used to evaluate Mr. Toy's claim.  Docket No. 162-4 at 2, pp. 303:23-304:2.  Mr. Toy does not dispute the accuracy of the photos depicting the property damage or that the property damage to the truck Mr. Toy was driving totaled less than $2,700.[2]  Docket No. 162 at 10.  Thus, there are facts in the record to indicate that defendant actually knew of the amount of property damage and that such information was available to adjusters during the claim handling process.  As such, the Court finds that Mr. Craver's opinion that the amount of property damage complicated defendant's handling of Mr. Toy's claim was based upon sufficient facts and data.

The Court next turns to the issue of reliability.  Mr. Toy argues that the record is devoid of any mention that defendant actually considered the amount of property damage in evaluating Mr. Toy's UIM claim.  Docket No. 160 at 11.  Further, Mr. Toy argues that, during his deposition, Mr. Craver could not identify any specific information indicating that defendant considered the amount of property damage during the claims handling process.  *Id.* at 10.  The Court's gatekeeper function requires a determination of whether an expert opinion is "sufficiently tied to the facts of the case" and "based on facts which sufficiently satisfy Rule 702's reliability requirements."  *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999).  Unlike Mr. Craver's opinion on the issue of offsets, there is evidence in the record that the amount of property damage was a factor

---

[2]Mr. Craver's report states that the amount of property damage totaled $2,463. Docket No. 160-1 at 8.  Defendant's response brief states that the truck Mr. Toy was driving cost $2,700 to repair.  Docket No. 162 at 10.  Where Mr. Toy does not contest the amount of property damage, the Court finds that the discrepancy is insignificant to resolving this issue.

in the claims handling process, namely, testimony that defendant knew the collision resulted in "minor damage" and testimony that photographs of the collision were included in defendant's claim file.

The fact that Mr. Craver admitted that the claim file does not reference the modest amount of property damage being a factor in how defendant handled the claim is an insufficient basis upon which to exclude his testimony where, as Mr. Toy admits, defendant's conduct "must be evaluated in light of the facts it was aware of and considered at that time."  Docket No. 160 at 10.  Although Mr. Toy's common law and statutory claims differ in that the common law standard requires a plaintiff to show that "the insurer knew or recklessly disregarded the fact that its conduct was unreasonable," while a statutory claim "requires only that a first-party claim be denied without a reasonable basis," *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012), an insurer's conduct under both claims is still judged against objective reasonableness.  *See State Farm Mut. Auto. Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 2766763, at *7 (D. Colo. Aug. 27, 2009) (common law and statutory standard both inquire as to whether "a reasonable insurer . . . would have denied or delayed payment of the claim under the facts and circumstances of the instant case" (internal quotation marks omitted)).  Mr. Craver primarily based his opinion on experience with how insurers act under similar circumstances.  *See* Docket No. 160-2, at 2, p. 51:8-16; *id.* at 4, p. 53:1-17.  Mr. Toy does not offer evidence that defendant acted differently in this case other than to note the absence of a note in the claim file. Because the record contains evidence to suggest that the amount of property damage was known to defendant throughout the claim handling process, Mr. Craver's opinion is

12

sufficiently tied to the facts of this case and relevant to determining a fact in issue.  *See* Fed. R. Evid. 702.

Mr. Toy argues that defendant's Rule 30(b)(6) witness referenced the amount of property damage in relation to setting the initial reserve and, as such, the testimony does not create a factual link to the handling of Mr. Toy's UIM claim.  Docket No. 165-1 at 4.  Because the testimony of Ms. Mrowiec and defendant's Rule 30(b)(6) witness provide a factual link between Mr. Craver's opinion and defendant's conduct, the Court finds that Mr. Craver's opinion on this issue is based on sufficient facts and data and is sufficiently reliable and otherwise admissible under Fed. R. Evid. 702.  However, Mr. Toy is not precluded from attacking the factual relationship between Mr. Craver's opinion and defendant's actual conduct.  Cross examination or the "presentation of contrary evidence . . . are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 509 U.S. at 596; *see also Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) ("'[t]he burden is on opposing counsel through cross-examination to explore and expose any weaknesses in the underpinnings of the expert's opinion'" (quoting *Int'l Adhesive Coating Co. v. Bolton Emerson Int'l, Inc.*, 851 F.2d 540, 544 (1st Cir. 1988))).  Thus, the Court will deny plaintiff's motion with respect to this issue.

## IV.  CONCLUSION

For the foregoing reasons, it is,

**ORDERED** that Plaintiff's Motion to Limit Testimony of Defendant American Family Mutual Insurance Company's Expert Witness John Craver [Docket No. 160] is

**GRANTED** in part and **DENIED** in part as indicated in this order.


DATED January 31, 2014.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge