IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion *in Limine* to Exclude Any Testimony or Argument Suggesting that Plaintiff Was Not the "Insured" (Motion *in Limine* No. 1) [Docket No. 172] filed by plaintiff Gregory Toy.

Plaintiff seeks to preclude defendant from arguing that Mr. Toy was not an insured under his employer's UIM policy. Docket No. 172 at 1. Plaintiff anticipates defendant may argue that, because the UIM policy lists Mr. Toy's employer, Pace Industrial, Inc., as the named insured, defendant owed Mr. Toy no duty of good faith. *Id.* at 2. Defendant argues that explaining to the jury that Mr. Toy is insured under the UIM policy as an employee is relevant to showing how Mr. Toy acquired UIM coverage. Docket No. 230 at 2. Defendant points out that the policy listing Pace Industrial, Inc. as the named insured is likely to be an exhibit and that the jury is likely to hear that Mr. Toy received workers' compensation benefits as a result of the collision occurring within the scope of his employment. *Id.* Defendant represents that it has no intention of arguing

that it did not owe Mr. Toy a duty of good faith and fair dealing.  *Id.* at 1.

The Court finds that, based upon defendant's representation that the policy lists Pace Industrial, Inc. as the named insured, an explanation of how Mr. Toy came to be covered under the UIM policy may provide relevant context for the jury.  Based upon defendant's representation that it does not intend to argue that it did not owe Mr. Toy a duty of good faith and fair dealing, the Court finds that the remaining issues raised by plaintiff's motion are moot.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion *in Limine* to Exclude Any Testimony or Argument Suggesting that Plaintiff Was Not the "Insured" (Motion *in Limine* No. 1) [Docket No. 172] is **DENIED**.


DATED February 6, 2014.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge