IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Plaintiff's Motion *in Limine* To Exclude Any Testimony or Argument Regarding Colorado Division of Insurance Regulation 5-1-14 and/or CCR 702-5:5-1-14 (Motion *in Limine* No. 2) [Docket No. 173] filed by plaintiff Gregory Toy. Defendant American Family Mutual Insurance Company opposes plaintiff's motion. Docket No. 228 at 1.

    Plaintiff seeks to exclude any testimony or argument on 3 Colo. Code. Regs. § 702-5:5-1-14 as it relates to defendant's standard of care. *Id.* at 1. The regulation, entitled Penalties for Failure to Promptly Address Property and Casualty First Party Claims, was adopted by the Colorado Commissioner of Insurance for the purpose of describing "the procedure and circumstances under which penalties will be imposed for failure to make timely decisions and/or payment on first party claims." 3 Colo. Code. Regs. § 702-5:5-1-14 § 2. The regulation provides that insurers can face a monetary penalty if they fail to make a decision on the payment of benefits within sixty days after

receipt of a valid claim, provided there is no reasonable dispute between the parties and the insured has complied with the policy. *Id.* at § 4(A)(1)(b). The regulation lists factors the Commissioner will consider when determining if a penalty is warranted. *Id.* at § 4(A)(2). The regulation also states that "[w]hen an investigation is incomplete or is otherwise continued and the insurer has not paid the claim within the time required . . . the insurer shall immediately notify the insured . . . of the reason(s) the claim has not been paid." *Id.* at § 4(B)(3). When an insurer cannot immediately complete an investigation, the insurer must send the insured a letter every 30 days setting forth any reasons the investigation cannot be completed. *Id.* "This requirement is not intended to alter any terms of the contract between the insurer and insured regarding their respective rights, duties, and obligations and the law involving such matters." *Id.*

      Plaintiff first argues that the regulation's language prohibits its use as evidence of the standard of care in civil cases. The Court disagrees with plaintiff's interpretation. Although the regulation does not purport to alter the law involving disputes between an insurer and insured, the "reasonableness of an insurer's conduct is measured objectively based on industry standards . . . ." *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). The Unfair Claims Settlement Practices Act ("UCSPA"), Colo. Rev. Stat. § 10-3-1104(1)(h), similarly regulates the conduct of the insurance industry and, while it "does not establish a standard of care actionable in tort, it may be used as valid, but not conclusive, evidence of industry standards." *Id.* at 344. Plaintiff provides no authority indicating that the Commissioner's regulations cannot be used as similar evidence of industry standards.

      To the extent plaintiff argues that the Commissioner's regulations conflict with

Colorado case law and the UCSPA, the Court finds plaintiff's argument unpersuasive. The Commissioner's regulation sets forth factors to be considered in determining if a claim is valid and complete or if a reasonable dispute exists. 3 Colo. Code. Regs. § 702-5:5-1-14 § 4(A)(2). The factors are not mandatory requirements likely to confuse the jury and do not conflict with other authority. *See* Fed. R. Evid. 403. Moreover, contrary to plaintiff's argument, courts have found that the Commissioner's regulations are consistent with the common law duty to negotiate. *See Rabin v. Fidelity Nat'l Property & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1114 (D. Colo. 2012) (citing 3 Colo. Code. Regs. § 702-5:5-1-14 in determining that insurer's duty to negotiate was suspended by litigation); *Baker v. Allied Property & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1109 (D. Colo. 2013) (same). Other courts have referred to the regulations in evaluating the course of conduct between an insurer and an insured. *See Lopez v. U. Fire and Cas. Co.*, 318 F. App'x 628, 634-35 (10th Cir. 2009) (unpublished) (using 3 Colo. Code. Regs. § 702-5 as factor in establishing reasonableness of insurer's conduct in bad faith case); *Luciano v. State Farm Mut. Auto. Ins. Co.*, 06-cv-01284-WDM-PAC, 2008 WL 1924976, at *2 (D. Colo. April 29, 2008) (relying, in part, on Colorado Division of Insurance Regulations in finding that insured was not entitled to recover benefits); *Reyher v. State Farm Mut. Auto. Ins. Co.*, 171 P.3d 1263, 1265-66 (Colo. App. 2007) (holding that trial court erred in granting summary judgment in insurer's favor because question of fact existed as to whether insurer complied with insurance regulations).

Although the Commissioner's regulations do not alone establish a standard of care actionable in tort, such regulations can be used as valid, but not conclusive,

evidence of industry standards.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion *in Limine* to Exclude Any Testimony or Argument Regarding Colorado Division of Insurance Regulation 5-1-14 and/or CCR 702-5:5-1-14 (Motion *in Limine* No. 2) [Docket No. 173] is **DENIED**.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge