IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Plaintiff's Motion *in Limine* to Preclude Defendant from Contesting Plaintiff's Damages as Determined at Arbitration (Motion *in Limine* No. 3) [Docket No. 174] filed by plaintiff Gregory Toy.

    After failing to reach an agreement as to the amount of plaintiff's actual damages, plaintiff demanded arbitration to determine actual damages on August 15, 2011. Docket No. 86-3. On April 12, 2012, the arbiter determined the damages to be $2,067,005.30, which consisted of $275,000 in noneconomic damages, $964,557 in economic damages, and $300,000 in physical impairment damages, plus interest and costs. Docket No. 86 at 4, ¶ 10; Docket No. 86-5. The parties agreed to reduce the award to $1,000,000, the UIM policy limit, and, on April 19, 2012, defendant paid Mr. Toy $1,000,000 plus costs and interest. Docket No. 113-8 at 2. Defendant did not appeal or request any setoff from the arbitration award. Docket No. 86 at 4, ¶ 12.

    Plaintiff now seeks to preclude defendant from contesting the amount of

damages awarded by the arbiter. Docket No. 174. Plaintiff argues that permitting defendant to offer evidence or argument contesting the amount of damages would confuse the jury and unnecessarily lengthen the trial. *Id.* (citing Fed. R. Evid. 403). As the Court noted in its Order denying plaintiff's motion for partial summary judgment:

> "It is the insured's burden to establish the insurer's knowledge or reckless disregard of the fact that a valid claim has been submitted." *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 572-73 (Colo. App. 2003) ("the issue before us is whether defendants had a reasonable belief that they were not obligated to pay UIM benefits" during the time that litigation against the tortfeasor was pending); *see also Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984) ("would a reasonable insurer under the circumstances have denied or delayed payment of the claim under facts and circumstances" (internal quotation marks omitted)). Thus, an arbiter's calculation of damages, based on facts available in April 2012, does not necessarily reflect the unreasonableness of defendant's conduct, based on the facts available to defendant in May and June 2011.

Docket No. 217 at 8-9. Plaintiff has failed to demonstrate that the information before the arbiter was substantially the same as the information before the defendant during the claims handling process. Absent such a showing, the Court finds that the probative value of the arbiter's calculation of damages as to plaintiff's bad faith and statutory claims is substantially outweighed by the danger of unfair prejudice and misleading the jury. *See* Fed. R. Evid. 403.

Moreover, contrary to plaintiff's argument, the arbiter's calculation of actual damages is not relevant to the Unfair Claims Settlement Practices Act, which states that "[c]ompelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts *ultimately recovered* in actions brought by such insureds" is considered an unfair claim settlement practice. Colo. Rev. Stat. § 10-3-1104(1)(h)(VII) (emphasis added). Plaintiff did not ultimately recover the

2

full amount of the arbitration award. The parties agreed to reduce the arbiter's award to the policy limit of $1,000,000; thus, the amount of damages Mr. Toy *ultimately recovered* was $1,000,000. As the Court noted at the February 3, 2014 hearing, the jury can hear that, through arbitration, defendant agreed to pay plaintiff the policy limit of $1,000,000.

For the forgoing reasons, it is

**ORDERED** that Plaintiff's Motion *in Limine* to Preclude Defendant from Contesting Plaintiff's Damages as Determined at Arbitration (Motion *in Limine* No. 3) [Docket No. 174] is **DENIED**.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge