IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion *in Limine* to Exclude any Reference to the Required Damages Award Under C.R.S. § 10-3-1116(1) (Motion *in Limine* No. 4) [Docket No. 175] filed by plaintiff Gregory Toy.

    Plaintiff seeks to exclude any reference to the penalties contemplated by Colo. Rev. Stat. § 10-3-1116(1). Docket No. 175 at 2. Plaintiff argues that informing the jury of the potential statutory penalties would cause confusion and unfair prejudice. *Id.*

> A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit.

Colo. Rev. Stat § 10-3-1116(1). Plaintiff will be required to prove that "payment of an insurance *covered benefit* was unreasonably delayed or denied" but not "damages attributable to any unreasonable delay or denial . . . ." *Hansen v. Am. Family Mut. Ins. Co.*, 2013 WL 6673066, at *9 (Colo. App. Dec. 19, 2013). Thus, the only factual finding the jury must make with respect to plaintiff's statutory claim is whether the covered

benefit was unreasonably delayed or denied. *Id.*; *see also Hall v. Am. Standard Ins. Co. of Wis.*, 292 P.3d 1196, 1201 (Colo. App. 2012) (noting that, after jury determination of liability, the trial court doubled the covered benefit as required by § 10-3-116(1)). Moreover, § 10-3-1116 is a penalty statute, *see Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 972 (Colo. App. 2011) (analyzing the legislative history of §§ 10-3-1115 and 1116), and so long as the jury makes the necessary factual findings to determine liability, "juries should not be required to determine or impose statutory penalties." *Graham v. Zurich Am. Ins. Co.*, 296 P.3d 347, 350 (Colo. App. 2012); *see, e.g., Hall*, 292 P.3d at 1200 (directing trial court to determine "reasonable attorney fees and court costs" under § 10-3-1116(1)). Defendant fails to show that the penalty under § 10-3-1116(1) has any probative value on the issue of whether defendant unreasonably delayed or denied payment of the covered benefit. *See* Fed. R. Evid. 401.

Defendant argues that, absent a compelling reason to keep such information from the jury, evidence of the statutory penalties should be admissible. Docket No. 227 at 3. Defendant claims that revealing the potential penalties contemplated by § 10-3-1116(1) will "aid [the jury's] focus" and provide necessary "context." *See* Docket No. 227 at 3. However, Colorado courts are reluctant to inform the jury of treble damages because such information "may tend to confuse or prejudice a jury into reducing its eventual award" and thereby frustrate the goal of deterring improper conduct and promoting private enforcement of the statute. *Heritage Vill. Owners Ass'n, Inc. v. Golden Heritage Investors, Ltd.*, 89 P.3d 513, 518 (2004) (evaluating statutory

damages under the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-113(2)); *see also Campos-Orrego v. Rivera*, 175 F.3d 89, 96 (1st Cir. 1999) (noting that informing the jury of a statutory multiplication of damages creates "the danger that a jury may reduce a plaintiff's award" accordingly (internal quotation marks omitted)); *HBE Leasing Corp. v. Frank*, 22 F.3d 41, 47 (2d Cir. 1994) (holding that district court did not err in precluding defendant from informing jury of RICO treble damages provision); *Semke v. Enid Auto. Dealers Ass'n*, 456 F.2d 1361, 1371 (10th Cir. 1972) (finding error where trial court informed the jury that its award of damages would be trebled under antitrust statute). These policy considerations outweigh defendant's desire to provide the jury with "context" and, thus, the Court rejects defendant's argument.

Defendant next argues that, because plaintiff seeks punitive damages on his common law bad faith claim, the jury should take the potential statutory penalties into account so as to prevent double recovery. The Colorado Supreme Court has not addressed the issue of whether statutory penalties under § 10-3-1116(1) are duplicative of common law punitive damages based on the same acts. *Cf. Lexton-Ancira Real Estate Fund, 1972 v. Heller*, 826 P.2d 819, 822-23 (Colo. 1992) (holding that double recovery would result from award of both punitive damages at common law and treble damages under the CCPA). In resolving this motion, the Court need not decide this issue because any danger of double recovery is best addressed on a post-trial motion. *See* Colo. Rev. Stat. § 13-21-102(2) (providing for the post-verdict reduction of jury's exemplary damages award); *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171,

219 (3d Cr. 1992) (holding that, if plaintiff prevails at trial on common law claim for punitive damages and on statutory claim for treble damages, the district court can require plaintiff to elect either common law or statutory recovery); *Sims v. Sperry*, 835 P.2d 565, 568 (Colo. App. 1992) (affirming amendment of default judgment to prevent double recovery). Thus, concerns over double recovery do not justify informing the jury of the statutory penalties under Colo. Rev. Stat. § 10-3-1116(1).

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion *in Limine* to Exclude any Reference to the Required Damages Award Under C.R.S. § 10-3-1116(1) (Motion *in Limine* No. 4) [Docket No. 175] is **GRANTED**.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge