IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on Defendant's Motion in Limine Re: Argument that Plaintiff Had to Delay Treatment Because He Could Not Afford It [Docket No. 186] filed by defendant American Family Mutual Insurance Company.  Plaintiff Gregory Toy filed a response in opposition.  Docket No. 203.

    Defendant seeks to preclude plaintiff from arguing that he had to delay medical treatment because he could not afford it and that he incurred damages as a result of the delay.  Docket No. 186 at 1-2.  Defendant argues that it is undisputed that plaintiff's injuries were covered by workers' compensation and private health insurance and, as such, that this evidence is inadmissible pursuant to Fed. R. Evid. 401 and 403.  Docket No. 186 at 2.  Plaintiff responds that his workers' compensation claim was closed in 2009 and that his injures were subject to an exclusion under his private health insurance.  Docket No. 203 at 1.

    With respect to plaintiff's claim for bad faith breach of insurance contract, plaintiff

must prove damages.  *See Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 415 (Colo. 2004) ("An insured can recover damages for bad faith breach of insurance contract based on traditional tort principles.").  Whether plaintiff's injuries were entirely covered by workers' compensation benefits and private health insurance is a disputed issue of fact that is relevant to the issue of damages on plaintiff's bad faith claim.  *See* Fed. R. Evid. 401.  Defendant fails to indicate how the admission of evidence relevant to the issue of damages would mislead the jury.  *See* Fed. R. Evid. 403.  As such, the Court rejects defendant's arguments for excluding this evidence.  For the foregoing reasons, it is

**ORDERED** that Defendant's Motion in Limine Re: Argument that Plaintiff Had to Delay Treatment Because He Could Not Afford It [Docket No. 186] is **DENIED**.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge