IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion in Limine to Preclude Plaintiff from Presenting Evidence that American Family Had a Duty to Inform Plaintiff of the Time Limit/Relevant Statute of Limitations Associated with his UIM Claim [Docket No. 187] filed by defendant American Family Mutual Insurance Company.  Plaintiff Gregory Toy filed a response in opposition.  Docket No. 201.

Defendant seeks to preclude plaintiff from arguing that defendant had a duty to inform plaintiff of the deadlines associated with the statute of limitations for plaintiff's UIM claim.  Docket No. 187 at 2.  Plaintiff responds by claiming that he does not intend to argue that defendant had a duty to inform him of the applicable statute of limitations. Docket No. 201 at 2.  Rather, plaintiff states that he intends to argue that defendant delayed responding to his initial request to arbitrate until after it believed the statute of limitations had run.  Docket No. 201 at 2-3.

In the first-party context, an insurer does not have a quasi-fiduciary relationship

with the insured.  *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 152 (Colo. 2007).  Absent a quasi-fiduciary relationship, an insurer has no duty to "inform the insured about when the statute of limitations would run to bar his UM claim."  *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 856 (Colo. App. 2007).  Thus, defendant's motion is granted to the extent it seeks to prohibit plaintiff from arguing that such a duty exists.

However, evidence of whether defendant was aware that the statute of limitations on plaintiff's UIM claim was about to run and whether such knowledge was a factor in its handling of plaintiff's UIM claim is a different issue.  Such evidence is relevant to whether defendant breached its duty to act in good faith towards plaintiff.  *See Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008) ("the tort of bad faith breach of an insurance contract encompasses all of the dealings between the parties").  Thus, the fact that defendant had no duty to inform plaintiff of the statute of limitations is an insufficient basis to exclude evidence on the issue of whether defendant delayed responding to plaintiff's request for arbitration until after it believed the statute of limitations had run.  Although the admission of such evidence is subject to objection at trial, defendant's motion in limine provides no basis to prohibit plaintiff from presenting evidence on this issue.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion in Limine to Preclude Plaintiff from Presenting Evidence that American Family Had a Duty to Inform Plaintiff of the Time Limit/Relevant Statute of Limitations Associated with his UIM Claim [Docket No. 187] is

2

**GRANTED** in part and **DENIED** in part as indicated in this order.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge