IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion in Limine to Preclude Plaintiff from Misrepresenting the Law by Presenting Argument and Evidence at Trial Implying Defendant Owed a Duty to Advance Payments to Plaintiff [Docket No. 189] filed by defendant American Family Mutual Insurance Company.  Plaintiff Gregory Toy filed a response in opposition.  Docket No. 209-1.

Defendant seeks to preclude plaintiff from arguing that defendant was obligated to pay the amount of its settlement offers as "undisputed amounts."  Docket No. 189 at 1-2.  Defendant notes that, in the Final Pretrial Order, plaintiff identified as evidence in support of its claims that: "American Family refused to tender any amount, even the undisputed $100,000, without a full and final release of Mr. Toy's UM/UIM claim."  Docket No. 143 at 3.  Plaintiff responds that he does not intend to argue that defendant had a legal duty to tender undisputed portions of plaintiff's UIM benefit.  Docket No. 209-1 at 1.  Rather, plaintiff states that he intends to argue that defendant's internal

policies provided for the partial payment of claims under certain circumstances. *Id.*

On May 26, 2011, defendant offered to settle plaintiff's claim for $75,000.

Docket No. 109-2 at 2.  On June 2, 2011, defendant offered to settle plaintiff's claim for

$100,000.  Docket No. 109-4 at 1.  Plaintiff offers no authority in support of defendant

having a legal duty to pay the amount of settlement offers as "undisputed amounts,"

and the Court has found none.  The Colorado Court of Appeals, in an unpublished

order, has rejected this argument.  *See Alarcon v. Am. Family Mut. Ins. Co.*, 2011 WL

3925742 (Colo. App. Sept. 8, 2011) (attached as Ex. 1, Docket No. 189-1 at 10); *see*

*also Etherton v. Owners Insur. Co.*, Case No. 10-cv-00892-MSK-KLM, 2011 WL

4565733, at *2 (D. Colo. Sept. 29, 2011).  Thus, any argument or testimony that

suggests to the jury that defendant had a legal duty to immediately pay the amounts of

its settlement offers as "undisputed" portions of plaintiff's claims would be improper.

As noted above, plaintiff disclaims any intent to argue that defendant had a legal

duty to pay the undisputed portion of plaintiff's UIM claim.  The issue of whether or not

plaintiff has a proper basis to argue or to present evidence that the reasonableness of

defendant's refusal to make a partial payment of the UIM claim based on defendant's

internal policies is not raised in defendant's motion and otherwise appears to involve

factual disputes.  As a result, the Court will not rule on that issue.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion in Limine to Preclude Plaintiff from

Misrepresenting the Law by Presenting Argument and Evidence at Trial Implying

Defendant Owed a Duty to Advance Payments to Plaintiff [Docket No. 189] is

**GRANTED**.

DATED February 6, 2014.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge