IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the Motion in Limine Re: No Duty to Provide Confidential Claim Evaluation to Plaintiff's Counsel [Docket No. 190] filed by defendant American Family Mutual Insurance Company.  Plaintiff Gregory Toy filed a response in opposition.  Docket No. 205-1.

     On May 26, 2011, plaintiff's counsel sent a letter to Vicki Mrowiec, defendant's Commercial F/R Claim Desk Senior Adjuster, asking for a written evaluation of plaintiff's UIM claim.  Docket No. 190-1 at 2-3.  Specifically, plaintiff's counsel asked defendant to provide information concerning the value it placed on various elements of plaintiff's actual damages.  *Id.*  On June 1, 2011, plaintiff's counsel reiterated his requests for information on plaintiff's UIM claim and asked for additional clarification regarding the benefits defendant offset in forming its settlement offer.  Docket No. 205-3 at 2-3.

     Defendant seeks to preclude plaintiff from arguing that defendant's adjusters had a duty to respond to plaintiff's counsel's detailed request for the value defendant placed

on various components of plaintiff's UIM claim.  Docket No. 190 at 1.  Defendant argues

that *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649 (Colo. 2012), stands for

the proposition that an insured has no duty to reveal any internal assessments

regarding an insured's claim.  Docket No. 190 at 2-3.  Plaintiff responds by arguing that

*Sunahara* is distinguishable and that the Unfair Claims Settlement Practices Act

("UCSPA"), Colo. Rev. Stat. § 10-3-1104(1)(h), requires an insurer to provide a

reasonable explanation for its settlement offers.  Docket No. 205-1 at 2.  Plaintiff admits

that defendant may argue that it was not required to answer plaintiff's counsel's specific

questions, but plaintiff claims that he should be permitted to argue that defendant failed

to provide a reasonable explanation for its settlement offers.  *Id.* at 3-4.

In *Sunahara*, the insured brought a UIM claim against his insurer seeking to

recover damages under his UIM policy.  280 P.3d at 652.  The issue before the

Colorado Supreme Court was whether, in a first-party UIM case, the insurer's internal

reserves and settlement authority were discoverable.  *Id.* at 656.  The court held that

internal reserves and settlement authority were not reasonably calculated to lead to the

discovery of admissible evidence because a UIM insurer is in a position adversarial to

the insured.  *Id.* at 657.  However, the court also held:

> [R]eserves and settlement authority . . . might be relevant and reasonably calculated to lead to admissible evidence when a first-party plaintiff sues his or her insurance company for bad faith or for a declaratory judgment.  In bad faith . . . actions, evidence of reserves and settlement authority could shed light on whether the insurance company adjusted a claim in good faith, or promptly investigated, assessed, or settled an underlying claim. UIM actions differ from bad faith . . . cases because, rather than defending its *own* actions, an insurance company in a UIM action must essentially defend the tortfeasor's behavior.

2

*Id.* at 657-58 (citations omitted).

*Sunahara* is distinguishable for two reasons.  First, *Sunahara* concerned a discovery dispute and did not address an insurer's duty to provide a reasonable explanation for its claim handling decision.  Second, the court explicitly declined to extend its holding to situations where, as here, an insured is suing an insurer for bad faith and the insurer's own conduct is placed at issue.  Thus, the Court rejects defendant's interpretation of *Sunahara*.

Moreover, it is a violation of the UCSPA for an insurer to fail to "promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for a denial of a claim or for the offer of a compromise settlement."  Colo. Rev. Stat. § 10-3-1104(1)(h)(XIV).  Both sides are permitted to argue the degree to which relevant industry standards require an insurer to explain its claim handling decisions to an insured.  *See Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004) (holding that UCSPA is "valid, but not conclusive, evidence of industry standards").  Plaintiff may also seek to introduce defendant's internal policies regarding the evaluation of claims.  Thus, the Court will deny defendant's motion.[1]

For the foregoing reasons, it is

**ORDERED** that defendant's Motion in Limine Re: No Duty to Provide Confidential Claim Evaluation to Plaintiff's Counsel [Docket No. 190] is **DENIED**.

---

[1]The Court makes no finding as to the scope of an insured's duty to provide a reasonable explanation for its claims handling decisions.

DATED February 6, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge