IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01683-PAB-MJW

GREGORY TOY,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion in Limine to Preclude Plaintiff from Misrepresenting the Law Concerning Burden of Proof by Presenting Argument and Evidence at Trial Suggesting Defendant Has an Obligation to Help Plaintiff Prove His Claims [Docket No. 191]. Plaintiff Gregory Toy filed a response in opposition. Docket No. 207-1.

Defendant American Family Mutual Insurance Company argues that, with regard to underinsured motorist ("UIM") claims, the insured has the burden to prove liability and damages. Docket No. 191 at 3 (citing *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 493 (Colo. 1998)). As such, defendant claims that it had no duty to investigate plaintiff's UIM claim. Docket No. 191 at 4. Plaintiff responds by arguing that the burden on an insured to prove a UIM claim does not abrogate an insurer's duty to investigate the claim. Docket No. 207-1 at 3.

"UIM coverage is designed to put a driver who is injured by an underinsured

motorist in the same position as if the underinsured motorist had liability limits in amounts equal to the insured's coverage." *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 657 (Colo. 2012). Colorado courts have held, in the context of uninsured motorist coverage claims, that "the insured has the burden to prove that the uninsured motorist was negligent and the extent of the damages." *Briggs v. Am. Family Mut. Ins. Co.*, 833 P.2d 859, 861 (Colo. App. 1992). The same burden applies in the UIM context. The Colorado Supreme Court has acknowledged that, in suits for contract damages by a UIM insured against a UIM insurer, the UIM insurer is in an "almost adversarial" relationship to the insured. *Sunahara*, 280 P.3d at 657.

The parties use different terminology to characterize the issue in this motion. Defendant insists that it has no "obligation to help Plaintiff insured prove his UIM claims" and that defendant does not "bear the burden" of refuting plaintiff's claims regarding the amount of damages. Docket No. 191 at 3-4. Plaintiff characterizes the issue as defendant's "duty to reasonably investigate" plaintiff's UIM claim. Docket No. 207-1 at 2.

Although the insured has the burden to prove the underinsured motorist's liability and the amount of damages the insured sustained in the accident, that does not mean the insurer is otherwise free of duties governing the manner in which it handles the insured's UIM claim. For example, "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance polices" and "[r]efusing to pay claims without conducting a reasonable investigation based upon all available information" are considered violations of the Unfair Claims Settlement Practices Act ("UCSPA"). Colo. Rev. Stat. § 10-3-1104(1)(h)(III)-(IV). The UCSPA

provides "valid, but not conclusive, evidence of industry standards." *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004). Moreover, an insurer's "duty of good faith and fair dealing continues unabated during the life of an insurer-insured relationship." *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010).

Although defendant does not disavow a duty to investigate, Docket No. 247 at 1, defendant's argument appears to be that, because its relationship to plaintiff was "almost adversarial" with respect to determining plaintiff's actual damages, defendant had a lesser obligation to act reasonably in handling plaintiff's UIM claim. Defendant's argument rests on *Peterman* and *Sunahara*. *Peterman* and *Sunahara*, however, did not address or otherwise modify an insurer's duty to act in good faith when dealing with an insured's UIM claim. Moreover, a UIM insurer's liability in bad faith cases often turns on the reasonableness of its investigation and conduct during the claims handling process. *See, e.g.*, *Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1110 (D. Colo 2013) (finding genuine dispute as to whether UIM insurer was reasonable in delaying its investigation of claims); *Sanderson*, 251 P.3d at 1220-21 (analyzing UIM insurer's investigation and claim handling conduct and finding insurer did not act in bad faith). Although it was plaintiff's burden here to prove actual damages as to his UIM claim, defendant provides no basis upon which to conclude that such a burden altered defendant's duty to act in good faith. Thus, the Court will deny defendant's motion.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion in Limine to Preclude Plaintiff from

Misrepresenting the Law Concerning Burden of Proof by Presenting Argument and Evidence at Trial Suggesting Defendant Has an Obligation to Help Plaintiff Prove His Claims [Docket No. 191] is **DENIED**.

    DATED February 6, 2014.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge